# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| MILTON ROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV411-114 |
| | ) |
| ERIC FOGAM, JACK KOON, | ) |
| ROBERT B. HUMES, and DAVID | ) |
| MILTON, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Milton Ross filed this 42 U.S.C. § 1983 prisoner conditions action alleging that defendants deprived him of necessary medical care. (Doc. 1 at 5-6.) Ross is **ORDERED** to show cause why this case should not be dismissed for lying in the complaint and *in forma pauperis* application.

Question 1(B) on the civil complaint form asks plaintiff whether he has brought any other federal lawsuits while detained. (Doc. 1 at 2.) Ross admitted that he had, but he only listed a single case, *Ross v. Burnside*,

No. CV506-177 (M.D. Ga. June 1, 2009). The question instructed him to attach another sheet of paper listing any other cases, but he did not comply. He failed to report two cases: *Ross v. Hurse*, No. CV507-123 (M.D. Ga. Apr. 24, 2007) (dismissed at summary judgment), and *Ross v. Mickle*, No. CV305-044 (N.D. Ga. May 20, 2005) (dismissed based upon the applicable statute of limitations).

In addition, Question 1(C) asked him to disclose whether he ever filed an *in forma pauperis* lawsuit in federal court that was dismissed on the ground that it was frivolous, malicious, or failed to state a claim for relief. (Doc. 1 at 3.) Under penalty of perjury, Milton checked "no." (*Id.*) Yet at least one case, *Ross v. Mickle*, was dismissed as frivolous.

Milton also lied on his *in forma pauperis* form. He stated that he had not received any income from any source within the past 12 months. (Doc. 6 at 1-2.) His prison trust fund account statement, however, shows hundreds of dollars passing through his account since May 2010. (Doc. 9 at 2.)

Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v.*

2

*Castro*, 465 F.3d 479, 484 (11th Cir. 2006). "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; *see also* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).

In addition, "the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Zocaras*, 465 F.3d at 490; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962); *Hartline*, 693 F.2d at 1352. The Eleventh Circuit approves of dismissals under the inherent power where a litigant, in bad faith, fails to disclose his prior cases on a form complaint. *Young v. Sec'y Fla. for the Dep't of Corrs.*, 2010 WL 2170970 at *1 (11th Cir. June 1, 2010) (affirming dismissal under inherent power for plaintiff's failure to disclose his prior cases on the court's complaint form); *see Rivera v. Allin*,

144 F.3d 719, 731 (11th Cir. 1998) (the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

While a prisoner's *pro se* pleading is entitled to liberal construction, that doctrine presupposes that the prisoner was honest and forthright with the Court. Providing false responses to the Court is sanctionable conduct and undermines the administration of justice. The Court is of the opinion that Milton, in bad faith, attempted to mislead the Court as to his filing history and financial status, and thus an appropriate sanction is to dismiss his case without prejudice and to warn him that such false responses will not be tolerated and may result in more severe and long-term sanctions in the future. Such a dismissal will count as a 28 U.S.C. § 1915(g) strike against him. *Pinson v. Grimes*, No. 09-14242 (11th Cir. Aug. 9, 2010).

Prior to imposing Rule 11 sanctions, the Court must "order . . . [plaintiff] to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Too, due process

must be satisfied in determining whether bad faith supports dismissal under the Court's inherent power. *Young*, 2010 WL 2170970 at *2. Due process requires that "the sanctionee have fair notice of the possible imposition of sanctions and an opportunity to respond orally or in writing." *Id.* Accordingly, the Court **ORDERS** plaintiff to show cause within fourteen days from the date of this Order why his case should not be dismissed for his failure to answer honestly questions 1(B) and 1(C) on the civil complaint form and for lying about his receipt of funds over the past 12 months on his *in forma pauperis* application. If plaintiff fails to respond adequately within fourteen days of this Order, his claim will likely be dismissed without prejudice for his abuse of the judicial process. *See Morefield v. DuPree*, No. CV605-054 (S.D. Ga. Dec. 3, 2008) (dismissing action without prejudice where plaintiff abused the judicial process by providing dishonest information about his prior filing history); *Gillilan v. Walker*, No. CV106-184, 2007 WL 842020, at *1 (S.D. Ga. Mar. 15, 2007) (same).

As an additional matter, plaintiff's motions for an emergency preliminary injunction (docs. 3 & 7) are **DENIED** subject to their

resubmission at a later date. Defendants have not yet been served. The proper time for filing such motions is after defendants have entered an appearance in the case. *See* Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party."). Too, Milton's request for appointment of counsel (doc. 2) is **DENIED**.[1]

Meanwhile, it is time for plaintiff to pay for filing this suit. Based upon the Prisoner Trust Fund Account Statement, Ross's average deposits and average monthly balance both equal $283. (Doc. 9.) Accordingly, the Court has assessed an initial partial filing fee of $56.60 in accordance with 28 U.S.C. § 1915(b)(1). **IT IS THEREFORE ORDERED** that plaintiff's current custodian (or his designee) shall deduct the initial partial filing fee of $56.60 from plaintiff's prison trust

---

[1] Court-appointed counsel in civil actions is warranted only in exceptional cases. *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996); *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993); *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990); *see Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). In considering whether exceptional circumstances exist, the Court should consider (1) the type and complexity of the case; (2) whether the indigent is capable of presenting his case; (3) whether the indigent is in a position to investigate the case adequately; and (4) whether the evidence will consist largely of conflicting testimony as to require skill in presenting the evidence and in cross-examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). However, the key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help. *Kilgo*, 983 F.2d at 193. Here, Ross has had no difficulty in explaining the relatively straightforward facts of his case and needs no help in presenting his claim.

account and forward this amount to the Clerk of this Court as the first installment of the filing fee. If the plaintiff does not have sufficient funds in his account to pay the initial partial filing fee, the appropriate prison official shall forward all available funds and carry the balance forward each month until the initial partial filing fee is paid in full. The plaintiff shall not be permitted to withdraw funds from his prison account until this initial fee has been paid.

**IT IS FURTHER ORDERED** that after the initial partial filing fee has been paid, plaintiff's custodian (or his designee) shall set aside 20 percent of all deposits to plaintiff's trust fund account and forward those funds to the Clerk each time the set aside amount exceeds $10.00, until the balance of the $350.00 filing fee has been paid in full.

**IT IS FURTHER ORDERED** that all payments shall be designated as made in payment of the filing fee for Civil Action No. CV411-114. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff

7

shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO ORDERED** this 15th day of June, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA