UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| MILTON ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV411-114 |
| | ) | |
| ERIC FOGAM, JACK KOON, | ) | |
| ROBERT B. HUMES, and DAVID | ) | |
| MILTON, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

The Court granted Milton Ross leave to proceed *in forma pauperis* ("IFP") in this 42 U.S.C. § 1983 prisoner conditions action, but upon reviewing his form complaint and IFP motion, it discovered that he had failed to answer truthfully multiple questions. Accordingly, it directed him to show cause why his case should not be dismissed for lying on the complaint and IFP forms. (Doc. 11.)

Question I(B) on the civil complaint form asked whether he "had brought any lawsuits in federal court which deal with facts other than those involved in this action." (Doc. 1 at 2.) Ross admitted that he had,

but listed only a single case, *Ross v. Burnside*, No. CV506-177 (M.D. Ga. June 1, 2009). The question instructed him to attach another sheet of paper listing any other cases, but he did not. He failed to report two cases: *Ross v. Hurse*, No. CV507-123 (M.D. Ga. Apr. 24, 2007) (dismissed at summary judgment), and *Ross v. Mickle*, No. CV305-044 (N.D. Ga. May 20, 2005) (dismissed based upon the applicable statute of limitations). In addition, Question 1(C) asked him to disclose whether he had ever filed an IFP lawsuit in federal court that was dismissed on the ground that it was frivolous, malicious, or failed to state a claim for relief. (Doc. 1 at 3.) Under penalty of perjury, Ross checked "no." (*Id.*) Yet *Mickle* was dismissed as frivolous. Ross also lied on his IFP form. He stated that he had not received any income from any source within the past 12 months. (Doc. 6 at 1-2.) His prison trust fund account statement, however, showed hundreds of dollars passing through his account since May 2010. (Doc. 9 at 2.)

Ross had no reason to deceive the Court as to his filing history. He is not subject to 28 U.S.C. § 1915(g)'s three-strike bar, which would generally prevent him from filing suit in federal courts without first paying the standard $350 filing fee. Nevertheless, his show cause

2

response shows that he *did* attempt to deceive the court, and he wasn't even clever about it. He does not deny that he remembered his prior lawsuits but states that he read the questions as asking only about prior *medical* lawsuits. (Doc. 13 at 2.) The questions plainly ask about *any* prior cases. Ross's lame attempt to recharacterize the questions is hardly persuasive. (Doc. 1 at 2-3.) As for his IFP showing, he again admits that he has received money from his mother over the past twelve months but states he concluded that he did not need to report it. (Doc. 13 at 4.) The form motion, however, asked whether he received *any* gifts or other income over the last twelve months, and under penalty of perjury he checked "no." (Doc. 6 at 2.) Indeed, Ross now admits that he can afford to pay a partial filing fee. (Doc. 13 at 4.)

Ross states that he had no reason to lie or mislead the Court because his filing history was readily available and his prison trust account showed that he had received money over the past twelve months. (*Id.* at 3, 4.) His deliberate deception is not excused simply because the Court, using its own time and resources, was able to discover that he had misled it. The simple honesty demanded here is designed to relieve the Court from having to search for the truth, as it had to do here. Ross, a

*convicted criminal*, chose to burden this Court with falsehoods, not honesty. The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status.

Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; *see also* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1335 (3d ed.2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).

In addition, "the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Zocaras*, 465 F.3d at 490; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Hartline*, 693

4

F.2d at 1352. The Eleventh Circuit approves of dismissals under the inherent power where a litigant, in bad faith, fails to disclose his prior cases on a form complaint. *Young v. Sec'y Fla. for the Dep't of Corrs.*, 380 F. App'x 939, 940 (11th Cir. 2010) (affirming dismissal under inherent power for plaintiff's failure to disclose his prior cases on the court's complaint form); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The Court is of the opinion that no lesser sanction than dismissal without prejudice will suffice to remedy Ross's conduct. This case, then, should be **DISMISSED** for Ross's clear pattern of deceit. This dismissal shall count as a 28 U.S.C. § 1915(g) strike against him.

**SO REPORTED AND RECOMMENDED** this  23rd  day of June, 2011.

/s/ *signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA